```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FOWZIEH OTHMAN,

                        Plaintiff,                              **REPORT &**
                                                                **RECOMMENDATION**
                                                                19-CV-6792-CBA-SJB
            v.

TD BANK, N.A., NANCY E. MANN, and BILLY JOE
MANN,
                        Defendants.
-----------------------------------------------------------------X
-----------------------------------------------------------------X
TD BANK, N.A.,

                        Third-Party Plaintiff,
            v.

RAMEE OTHMAN,
                        Third-Party Defendant.
-----------------------------------------------------------------X
```

**BULSARA, United States Magistrate Judge:**

Plaintiff Fowzieh Othman ("Plaintiff") commenced this action alleging bank fraud on December 3, 2019. (Compl. dated Dec. 2, 2019 ("Compl."), Dkt. No. 1). Plaintiff alleged five causes of action against Defendants TD Bank, N.A. ("TD Bank"), Nancy E. Mann, and Billy Joe Mann ("the Mann Defendants," and, collectively, "Defendants"): (1) conversion, (2) commercial bad faith, and (3) aiding and abetting fraud against TD Bank, and (4) conversion fraud and (5) unjust enrichment against the Mann Defendants. (*Id.* ¶¶ 46–85).

TD Bank appeared and requested an extension of time to respond to the Complaint on January 14, 2020. (Mot. for Extension of Time to File Answer dated Jan. 14, 2020, Dkt. No. 5). TD Bank filed an Answer and Cross-Claims against the Mann Defendants on August 14, 2020. (Answer, Affirmative Defenses, Cross-Cls. And Third-

Party Compl. of TD Bank, N.A. dated Aug. 14, 2020, Dkt. No. 13). There is no evidence that the cross claims were ever served by TD Bank on the Mann Defendants. (Because the Mann Defendants never appeared in the case, filing the Answer and Cross-Claims via ECF would not have served them electronically). Plaintiff and TD Bank were referred to mediation on June 5, 2020. (Order dated June 5, 2020). These parties settled the case at mediation, (Report of Mediation Settled dated Oct. 8, 2020), and filed a stipulation of dismissal on December 15, 2020. (Stip. of Dismissal dated Dec. 15, 2020, Dkt. No. 16). The Mann Defendants remained in the case as putative Defendants.

On February 18, 2020, the Court ordered Plaintiff to file proof of service for the Mann Defendants by March 5, 2021. (Order dated Feb. 18, 2021). Plaintiff did not do so. On April 26, 2021, the Court issued an additional order:

> On [February 18, 2021], the Court directed Plaintiff to file proof of service of Defendants Nancy E. Mann and Billy Joe Mann by [March 5, 2021]. Plaintiff has not yet done so. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Plaintiff shall promptly advise the Court once the defendants have been served." Fed. R. Civ. P. 4(m). Plaintiff is directed to file proof of service of Defendants Nancy E. Mann and Billy Joe Mann by [May 10, 2021]. If service has not been made, Plaintiff must show cause why the case should not be dismissed without prejudice for failure to complete service within the period required under Rule 4. If Plaintiff fails to do so, the Court will recommend that the case be dismissed without prejudice as to Defendants Nancy E. Mann and Billy Joe Mann.

(Order dated Apr. 26, 2021). Plaintiff has not responded to either of the Court's orders. The Mann Defendants have not appeared, and there is no evidence that the Mann Defendants have been served.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice[.]" Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service[.]" *Id.* "A party seeking a good cause extension bears a heavy burden of proof." *Alvarado v. Am. Freightways, Inc.*, No. 04-CV-9536, 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005) (discussing the standard under the earlier 120-day period). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control." *Id.* "The diligence of the plaintiff's efforts to effect proper service is an important consideration in a determination of good cause." *Id.* "Good cause is measured against '(1) the plaintiff's reasonable efforts to effect service, and (2) the prejudice to defendant from the delay.'" *Snall v. City of New York*, No. 97-CV-5204, 1999 WL 1129054, at *3 (E.D.N.Y. Oct. 19, 1999) (quoting *Nat'l Union Fire Ins. Co. v. Barney Assocs.*, 130 F.R.D. 291, 293 (S.D.N.Y. 1990)), *aff'd*, 242 F.3d 367 (2d Cir. 2000). Courts have dismissed actions without prejudice where plaintiffs have not taken any action after filing the initial complaint. *E.g.*, *Zappin v. Cohen*, No. 15-CV-7271, 2016 WL 3034334, at *1–2 (S.D.N.Y. May 27, 2016) (adopting report and recommendation) (case dismissed without prejudice where *pro se* plaintiff did not serve defendant and did not respond to court's order directing proof of service or argument for why case should not be dismissed).

Since Plaintiff filed the Complaint in December 2019, Plaintiff has neither served the Mann Defendants nor responded to either of the Court's orders requesting proof of such service. At no time has Plaintiff sought an extension of time to effect service or provided justification for lack of service. Indeed, Plaintiff appears not to have taken any

3

action with respect to the Mann Defendants besides filing a complaint naming them as Defendants.

The appropriate remedy is to dismiss this action without prejudice. "Among federal courts, there is virtual unanimity that 'dismissal is mandatory if a defendant is not served within [90] days, unless the plaintiff can show good cause for delay.'" *Nat'l Union Fire Ins. Co.*, 1994 WL 463009, at *3 (quoting *Geiger v. Allen,* 850 F.2d 330, 332 (7th Cir. 1988)); *see, e.g.*, *Fried v. N.Y. State Off. of Child. & Fam. Servs.*, No. 05-CV-5522, 2008 WL 4360749, at *1, *5 (E.D.N.Y. Sept. 24, 2008) (adopting report and recommendation to dismiss without prejudice in absence of demonstrable good cause or basis to exercise discretion); *Grant v. Aurora Loan Servs.*, No. 08-CV-100, 2008 WL 4326532, at *1 (E.D.N.Y. Sept. 22, 2008) (same); *Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 32, 35 (W.D.N.Y. 1996) (no good cause where counsel attempted service, not by following the Federal Rules of Civil Procedure, but rather "his own informal procedure"). The Court, thus, respectfully recommends that the Complaint be dismissed without prejudice as to the Mann Defendants. The Court further recommends that the cross claims against the Mann Defendants also be dismissed without prejudice, because there is no evidence TD Bank ever served the Mann Defendants.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within fourteen (14) days of service of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's]

4

report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

SO ORDERED.

/s/ *Sanket J. Bulsara*  June 2, 2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York