Clerk's Office
Filed Date: 6/17/21

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FOWZIEH OTHMAN,

               Plaintiff,

  -against-

TD BANK, N.A, et al.

              Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
19-CV-6792 (CBA) (SJB)

**AMON, United States District Judge:**

      On December 3, 2019, plaintiff Fowzieh Othman ("Plaintiff") brought this action against defendants TD Bank, N.A. ("TD Bank"), Nancy E. Mann, and Billy Joe Mann ("the Mann Defendants," and, collectively, "Defendants"). (See ECF Docket Entry ("D.E.") # 1.) Plaintiff alleged causes of action sounding in conversion, commercial bad faith, and aiding and abetting fraud against TD Bank, and fraud and unjust enrichment against the Mann Defendants. (See id.) TD Bank filed an Answer and Cross-Claims against the Mann Defendants on August 14, 2020. (D.E. # 13.) There is no evidence that either Plaintiff's Complaint or TD Bank's Answer and Cross-Claims were served on the Mann Defendants. Plaintiff and TD Bank settled the case between them at mediation and filed a stipulation of dismissal on December 15, 2020. (D.E. # 16.) The Honorable Sanket Bulsara, United States Magistrate Judge, ordered Plaintiff to file proof of service as to the Mann Defendants—who remained putative defendants after the stipulation of dismissal by Plaintiff and TD Bank was filed—by March 5, 2021. Plaintiff failed to do so. Judge Bulsara issued an additional order directing Plaintiff to file proof of service as to the Mann Defendants. (Order dated Apr. 26, 2021.) Judge Bulsara further noted that Federal Rule of Civil Procedure 4 requires service on a defendant within 90 days after a complaint is filed, and directed Plaintiff to show cause why the case should not be dismissed without prejudice if service had not

1

yet been effected. (Id.) Plaintiff has not responded to either of Judge Bulsara's orders, the Mann Defendants have not appeared, and there is no evidence that the Mann Defendants have been served. On June 2, 2021, Judge Bulsara issued a thorough and well-reasoned R&R recommending that the Complaint and the Cross-Claims be dismissed without prejudice as to the Mann Defendants. (D.E. # 17.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

The Court has reviewed the record and, finding no clear error, adopts the R&R. Accordingly, the Court orders that the Complaint be dismissed without prejudice as to the Mann Defendants and that the Cross-Claims against the Mann Defendants be dismissed without prejudice. The Clerk of Court is respectfully directed close the case.

SO ORDERED.

Dated: June 17, 2021
     Brooklyn, New York                                    /s/ Carol Bagley Amon
                                                                    Carol Bagley Amon
                                                                    United States District Judge